**UNITED STATES BANKRUPTC**
**DISTRICT OF NEW JERS**

**Daniel L. Reinganum, Esq.**
**McDowell Posternock Apell & Detrick, PC**
**46 West Main Street**
**Maple Shade, NJ 08052**
**Telephone: (856) 482-5544**
**Telecopier: (856) 482-5511**
**dreinganum@mpadlaw.com**
**Attorneys for the Debtor**

Order Filed on November 7,
2017 by Clerk U.S. Bankruptcy
Court District of New Jersey

|  |  |  |
|---|---|---|
| | **x** | |
| | **:** | |
| **In re:** | **:** | **Case No.: 16-17561-JNP** |
| | **:** | |
| **Joanne M. Jacuk** | **:** | **Chapter 13** |
| | **:** | |
| **Debtor** | **:** | **Judge:        Poslusny** |
| | **:** | |
| | **x** | |

**ORDER (i) AUTHORIZING THE SALE OF 7 WINDGATE ROAD, CHERRY HILL, NEW JERSEY 08003 PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF THE LIENS OF THE STATE OF NEW JERSEY, DIVISION OF TAXATION AND LIBERTY MUTUAL INSURANCE COMPANY (ii) AVOIDING THE LIEN OF LIBERTY MUTUAL INSURANCE COMPANY PURSUANT TO 11 U.S.C. §522(f), APPROVING PAYMENT OF REALTOR COMMISSIONS, AND CONFIRMING DEBTOR'S STATUS AS "TRUSTEE" FOR PURPOSES OF N.J.S.A. 46:15-10.**

The relief set forth on the following pages, numbered two (2) through six(6) is hereby

**ORDERED**.

**DATED: November 7, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor(s):      Joanne Jacuk

Case No.:       16-17561-JNP

**ORDER (i) AUTHORIZING THE SALE OF 7 WINDGATE ROAD, CHERRY HILL, NEW JERSEY 08003 PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF THE LIENS OF THE STATE OF NEW JERSEY, DIVISION OF TAXATION AND LIBERTY MUTUAL INSURANCE COMPANY (ii)  AVOIDING THE LIEN OF LIBERTY MUTUAL INSURANCE COMPANY PURSUANT TO 11 U.S.C. §522(f), APPROVING PAYMENT OF REALTOR COMMISSIONS, AND CONFIRMING DEBTOR'S STATUS AS "TRUSTEE" FOR PURPOSES OF N.J.S.A. 46:15-10.**

---

**PART I - APPROVAL OF SALE**

1.      The Debtor's Motion (the " Motion") to Sell the Property at 7 Windgate Road, Cherry Hill, New Jersey 08003 (the "Property") be, and it hereby is, GRANTED, and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

2.      Due and proper notice of the Motion has been given to all parties who are entitled to notice under the circumstances.

3.      The Agreement as defined in the Motion (the "Agreement") is approved and the Debtor is hereby authorized to enter into and consummate the transaction proposed therein.

4.      Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized, directed and empowered to fully perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting,

2

conveying and conferring to the Purchaser, or reducing to possession, the Property, or as may be

necessary or appropriate to the performance of the obligations and transactions contemplated by

the Agreement.

       5.      The Debtor's sale of the Property is approved pursuant to sections 105(a) and

363(b)(d) and (f), and 1303 of the Bankruptcy Code, under the terms and conditions set forth

therein.

       6.      The sale of the Property to the Purchasers shall be free and clear of any liens,

claims, encumbrances and security interests, with valid liens, claims, encumbrances and security

interests, if any, to attach to the proceeds of such sale pursuant to section 363(f) of the

Bankruptcy Code.  **The title company is authorized to disburse the proceeds of sale <u>at</u>**

**<u>closing</u> to the lienholders and parties in interest as follows, and in the order set forth below,**

**with the balance to be paid to Isabel C. Balboa, Chapter 13 Standing Trustee.**

| | |
|---|---|
| **US Bank, NA as Custodian for PFS Financial 1, LLC:** | **Pay in Full** |
| **US Bank, NA as Custodian for Blue Virgo Trust 2015-1:** | **Pay in Full** |
| **Municipal charges, liens, adjustments, settlement charges:** | **Pay in Full** |
| **TD Bank, NA** | **Pay in Full** |
| **State of New Jersey, Division of Taxation:** | **$45,000.00** |
| **Realtor Commissions:** | **$15,420.00** |
| **Attorney Fee to McDowell Posternock Apell & Detrick, PC[1]** | **$3,000.00** |
| **Joanne Jacuk, Debtor** | **$22,475.00** |

[1]Attorney's fees subject to court approval

**Isabel C. Balboa, Chapter 13 Trustee**                **Balance of Sales Proceeds**

**Liberty Mutual Insurance Company**                **$0.00**

9.      Except as expressly permitted by the Agreement, all persons and entities

holding liens, claims, security interests or encumbrances of any kind and nature with respect to

the Property hereby are barred from asserting such liens, claims, security interests and

encumbrances against the Purchasers, their successors or assigns, or the Property.

10.      The sale of the Property by the Debtor shall be final upon payment in good funds

to the Debtor by the Purchasers, and shall be "as is, where is," without recourse, representation or

warranty, except as to the representations and warranties set forth in the Agreement.

11.      Notwithstanding the foregoing, the sale of the Property by the Debtor pursuant to

the Agreement shall provide the Purchasers with good title to the Property.

12.      Except as provided in the Agreement, the Purchasers are not assuming nor shall

they in any way whatsoever be liable or responsible for any liabilities, debts or obligations of the

Debtor or any liabilities, debts or obligations in any way whatsoever relating to or arising from

the operation of any of the Debtor's Assets prior to closing or relating to conditions existing on

or prior to closing.  Without limiting the generality of the foregoing, except as provided in the

Agreement, the Purchasers shall not be liable or responsible for any Debtor's liabilities, debts or

obligations.

13.      On the Closing Date, each of the Debtor's creditors secured by the Property is

directed to execute such documents and take all other actions as may be necessary to release its

liens, security interests or other encumbrances on, or claims, if any, against the Property.

4

14.     The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be confirming any plan of reorganization for the Debtor or converting the Debtor's case from one under Chapter 13 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code or dismissing the case of the Debtor.

15.     This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, (ii) to compel delivery of the Property to the Purchasers, (iii) to resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, and (iv) to interpret, implement and enforce the provisions of this Order.

16.     The terms and provisions of the Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estate and creditors, the Purchasers, and their affiliates, successors and assigns, and any affected third parties including but not limited to all persons asserting a claim against or interest in the Debtors' estate of the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee for any Debtor under any chapter of title 11 of the United States Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

17.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

5

## PART II - LIEN AVOIDANCE PURSUANT TO 11 U.S.C. §522(f)

19.   The fixing of the judgment lien of Liberty Mutual Insurance Company, docketed

December 28, 2009 under J-309541-2009 is avoided in its entirety **as to the**

**Property and the sales proceeds from the Property** only.

## PART III - APPROVAL OF PROFESSIONAL FEES

20.   The payment of a real estate commission in the amount of $15,420 to Lisa Carrick

is **APPROVED**.

## PART IV- NEW JERSEY TRANSFER TAX

21.   For purposes of N.J.S.A. 46:15-10(6)(g), the Debtors have the status of a "Trustee

in Bankruptcy".

United States Bankruptcy Court
District of New Jersey

In re:
JoAnne M. Jacuk
     Debtor

Case No. 16-17561-JNP
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin          Page 1 of 1          Date Rcvd: Nov 08, 2017
                    Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 10, 2017.
db            +JoAnne M. Jacuk,   7 Windgate Rd.,   Cherry Hill, NJ 08003-1822

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                       TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 10, 2017                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 8, 2017 at the address(es) listed below:
       Adam D. Greenberg   on behalf of Creditor   PFS Financial 1, LLC agreenberg@hgllclaw.com, Aholmes@hgllclaw.com
       Daniel L Reinganum   on behalf of Debtor JoAnne M. Jacuk dreinganum@MPADLaw.com, kgresh@mpadlaw.com;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;r62202@notify.bestcase.com
       Denise E. Carlon   on behalf of Creditor   PNC Bank, National Association dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
       Isabel C. Balboa   on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com, summarymail@standingtrustee.com
       Isabel C. Balboa   ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
       Joshua I. Goldman   on behalf of Creditor   PNC Bank, National Association jgoldman@kmllawgroup.com,  bkgroup@kmllawgroup.com
       Michael E. Blaine   on behalf of Creditor   TD Bank, N.A. successor in interest to Commerce Bank, NA mblaine@schillerknapp.com, tshariff@schillerknapp.com;kcollins@schillerknapp.com;mpreston@schillerknapp.com
       Nicholas V. Rogers   on behalf of Creditor   DITECH FINANCIAL LLC nj.bkecf@fedphe.com
       Richard James Tracy, III   on behalf of Creditor   TD Bank N.A. rtracy@schillerknapp.com, tshariff@schillerknapp.com;kcollins@schillerknapp.com;mpreston@schillerknapp.com
       William M.E. Powers   on behalf of Creditor   Bank of America, N.A. ecf@powerskirn.com
       William M.E. Powers, III   on behalf of Creditor   Bank of America, N.A. ecf@powerskirn.com
                                                       TOTAL: 11