Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **JoAnne M. Jacuk**

Case No..: **16-17561**
Judge: **JNP**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original    ☑ Modified/Notice Required    Date: 12/19/2017
☑ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **DLR**    Initial Debtor: **JMJ**    Initial Co-Debtor

### Part 1: Payment and Length of Plan

a. The debtor shall pay **$360.00 Monthly** to the Chapter 13 Trustee, starting on **January 1, 2018** for approximately **39 more** months, in addition to amounts paid to date.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection      **X NONE**

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Daniel L. Reinganum, Esq.** | **Attorney Fees** | **As allowed by Court** |
| | | |
| | | |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Bank of America | 7704 Aspen Street, Hamilton Twp., NJ 08330 | $164,463 (zillow | N/A - Debtor is not liable on underlying debt instrument |
| Green Tree Servicing / Ditech | 110 West Colton Avenue, Beuna Vista, NJ 08310 | $111,000 | N/A - Debtor is not liable on underlying debt instrument |

**f.** The following secured claims are unaffected by the Plan:

Creditor
**PNC Mortgage -- 117 Ocean Avenue, Ocean City, NJ**

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| | | |
|---|---|---|
| US Bank Cust BV Trst 2015-1 c/o BlueVirgo Capital Management, LLC | 7 Windgate Road, Cherry Hill, NJ 08003 | $0 - PAID IN FULL OUTSIDE OF PLAN ON NOVEMBER 30, 2017 FROM PROCEEDS OF SALE OF DEBTOR'S RESIDENCE |
| US Bank, NA As custodian for FPS Financial 1, LLC | 7 Windgate Road, Cherry HIll, NJ 08003 | $0 - PAID IN FULL OUTSIDE OF PLAN ON NOVEMBER 30, 2017 FROM PROCEEDS OF SALE OF DEBTOR'S RESIDENCE |
| TD Bank, NA | 7 Windgate Road, Cherry Hill, NJ 08003 | $0 - PAID IN FULL OUTSIDE OF PLAN ON NOVEMBER 30, 2017 FROM PROCEEDS OF SALE OF DEBTOR'S RESIDENCE |
| State of NJ, Division of Taxation Claim #4 | 7 Windgate Road, Cherry Hill, NJ 08003 | $0 - CLAIM PAID IN FULL (AS COMPROMISED) OUTSIDE OF PLAN ON NOVEMBER 30, 2017 FROM PROCEEDS OF SALE OF DEBTOR'S RESIDENCE |
| **JP Morgan Chase Auto Finance** | 2005 Lexus GX470 52,000 miles | $4,289.46 |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☑    Not less than **100** percent

☐    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

### Part 7: Motions  ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

    **d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **10/13/2016**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor's residence was sold on 11/30/2017 and plan payment and terms need to be adjusted.** | **Plan payment is reduced. Calibrated to pay 100% of filed claims over remaining months in plan. Total plan length of 60 months.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date  **December 19, 2017**        /s/ **Daniel L. Reinganum, Esq.**
    **Daniel L. Reinganum, Esq.**
    Attorney for the Debtor

Date:  **December 19, 2017**       /s/ **JoAnne M. Jacuk**
    **JoAnne M. Jacuk**
    Debtor

Date:  
    Joint Debtor

### Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| | | |
|---|---|---|
| Date | **December 19, 2017** | **/s/ Daniel L. Reinganum, Esq.** |
| | | **Daniel L. Reinganum, Esq.** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| | | |
|---|---|---|
| Date: | **December 19, 2017** | **/s/ JoAnne M. Jacuk** |
| | | **JoAnne M. Jacuk** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 16-17561-JNP
JoAnne M. Jacuk                                                       Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2           Date Rcvd: Dec 20, 2017
                              Form ID: pdf901          Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 22, 2017.
db          +JoAnne M. Jacuk,    7 North Wendover Rd,    Medford, NJ 08055-8163
cr          +DITECH FINANCIAL LLC,    Phelan Hallinan & Schmieg, PC,   400 Fellowship Road,   Suite 100,
              Mt. Laurel, NJ 08054-3437
r           +Lisa A. Carrick,   Pat McKenna Realtors,    63 E. Main Street,   Marlton, NJ 08053-2138
cr          +PFS Financial 1, LLC,    7990 IH 10 West,   Suite 200,   San Antonio, TX 78230-4786
r           +Ralph Rizziello,   Keller Williams,   123 E. Main Street,   Moorestown, NJ 08057-2921
516128011   +Allied Gastrointestinal Assoc.,    217 White Horse Pike,   Haddon Heights, NJ 08035-1703
516324871    Apex Asset Management, LLC,    Virtua Health System - WJ,   PO Box 5407,
              Lancaster, PA 17606-5407
516345759    Bank of America, N.A.,   Bank of America,   P.O. Box 31785,    Tampa, FL 33631-3785
516128012   +Cherry Hill Township,   Attn: Tax Office,    820 Mercer St.,   Cherry Hill, NJ 08002-2638
516128015   +JP Morgan Chase Auto Finance,    PO Box 901032,   Fort Worth, TX 76101-2032
516206635    JPMorgan Chase Bank, N.A.,    National Bankruptcy Department,   P.O. BOX 901032,
              Ft. Worth, TX 76101-2032
516128016   +Maria Geonnetti,   629 E. Miller Street,    Philadelphia, PA 19125-2721
516346265   +PNC Bank, National Association,    Attn: Bankruptcy,   3232 Newmark Drive,
              Miamisburg, OH 45342-5421
516128018   +PNC Mortgage,   PO Box 8703,   Dayton, OH 45401-8703
516128017    Pellegrino & Feldstein, LLC,    Denville Law Center,   Denville, NJ 07834
516128019    Primary Care Affiliates of NJ, PA,    PO Box 40,   Somerdale, NJ 08083-0040
516128020   +South Jersey Radiology Associates,    PO Box 1710,   Voorhees, NJ 08043-7710
516128021   +Sprains, Strains & Fractures, LLC,    PO Box 168,   Haddonfield, NJ 08033-0278
516128022    State of New Jersey, Div. of Taxation,    Compliane and Enforcement - Bkcy Unit,
              50 Barrack Street, 9th Floor,    PO Box 245,   Trenton, NJ 08695-0267
516343857   +US Bank Cust BV Trst 2015-1,    c/o Blue Virgo Capital Managements, LLC,
              380 Lexington Avenue, Floor 17,    New York, NY 10168-1799
516128024    US Bank, N.A., Custodian,    Custodian for PFS Financial 1, LLC,   7990 1H 10 West, Suite 200,
              San Antonio, TX 78230
516128025    Virtua Health Voorhees,   PO Box 8500-8267,    Philadelphia, PA 19178-8267

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Dec 20 2017 22:39:45     U.S. Attorney,   970 Broad St.,
              Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 20 2017 22:39:43     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
516128013   +E-mail/Text: tgraff@ocnj.us Dec 20 2017 22:40:15     City of Ocean City,   Attn: Tax Office,
              861 Asbury Ave.,    Ocean City, NJ 08226-3611
516128014   +E-mail/Text: cio.bncmail@irs.gov Dec 20 2017 22:39:22     Internal Revenue Service,
              Centralized Insolvency Operation,    PO Box 7346,   Philadelphia, PA 19101-7346
516207376    E-mail/Text: bk.notifications@jpmchase.com Dec 20 2017 22:39:37     JP Morgan Chase Bank, NA,
              PO Box 29505,   AZ1-1191,   Phoenix, AZ 85038-9505
516128023    E-mail/Text: bankruptcy@td.com Dec 20 2017 22:39:47     TD Bank N.A.,   32 Chestnut St,
              Lewiston, ME 04240
516346678    E-mail/Text: bankruptcy@td.com Dec 20 2017 22:39:47     TD Bank NA,
              c/o Schiller Knapp Lefkowitz & Hertzel L,   70 Gray Road,   Falmouth, ME 04105
                                                                                               TOTAL: 7

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2017                                  Signature:  /s/Joseph Speetjens

```
District/off: 0312-1           User: admin                    Page 2 of 2                  Date Rcvd: Dec 20, 2017
                               Form ID: pdf901                Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2017 at the address(es) listed below:

```
          Adam D. Greenberg    on behalf of Creditor    PFS Financial 1, LLC agreenberg@hgllclaw.com,
           Aholmes@hgllclaw.com
          Daniel L Reinganum    on behalf of Debtor JoAnne M. Jacuk dreinganum@MPADLaw.com,
           kgresh@mpadlaw.com;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;r62202@notify.bestcas
           e.com
          Denise E. Carlon    on behalf of Creditor    PNC Bank, National Association dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Joshua I. Goldman    on behalf of Creditor    PNC Bank, National Association
           jgoldman@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Michael E. Blaine    on behalf of Creditor    TD Bank, N.A. successor in interest to Commerce Bank,
           NA mblaine@schillerknapp.com,
           tshariff@schillerknapp.com;kcollins@schillerknapp.com;mpreston@schillerknapp.com
          Nicholas V. Rogers    on behalf of Creditor    DITECH FINANCIAL LLC nj.bkecf@fedphe.com
          Richard James Tracy, III    on behalf of Creditor    TD Bank N.A. rtracy@schillerknapp.com,
           tshariff@schillerknapp.com;kcollins@schillerknapp.com;mpreston@schillerknapp.com
          William M.E. Powers    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
          William M.E. Powers, III    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
                                                                                             TOTAL: 11
```